IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MELVIN QUALLS, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:20-CV-1278-O |
| § | (NO. 4:18-CR-293-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of movant, Melvin Qualls, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:18-CR-293-O, styled "United States v. Omar Ashmore, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

On December 6, 2018, movant was named in a four-count information charging him in count two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc.[1] 106. Movant and his counsel signed a waiver of indictment, CR Doc. 122, and a factual resume setting forth the elements of the offense, the penalties movant faced, and the stipulated facts establishing that movant had committed the offense. CR Doc. 123. On December 13, 2018, movant appeared before the United States Magistrate Judge to enter a plea of guilty. CR Doc. 148. Movant and his counsel

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-293-O.

signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 150. The Magistrate Judge issued a report and recommendation, finding that movant's plea was knowing, voluntary, and intelligent and recommending that the plea be accepted. CR Doc. 153. Movant did not object, and the Court accepted the report and recommendation. CR Doc. 197.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 18. CR Doc. 216, ¶ 25. Movant received a Chapter 4 enhancement because he was at least 18 years old at the time of the offense, a felony controlled substance offense, and he had at least two prior convictions for crimes of violence, namely, two murder convictions. *Id.* ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 32, 33. Based on a total offense level of 29 and a criminal history category of VI, movant's guideline imprisonment range was 151 to 188 months. *Id.* ¶ 95. Movant filed an objection to the application of the career offender enhancement. CR Doc. 273. The probation officer prepared an addendum to the PSR rejecting the objection. CR Doc. 287. Movant filed a sentencing memorandum requesting a downward departure or variance. CR Doc. 326.

Movant persisted in his objection at sentencing and the Court overruled it. CR Doc. 438 at 2–3. The Court sentenced movant to a term of imprisonment of 151 months. CR Doc. 375. He appealed. CR Doc. 379. His sentence was affirmed. *United States v. Qualls*, 788 F. App'x 980 (5th Cir. 2019).

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion. Doc.[2] 1. In his first ground, movant says that his counsel did not inform him of the PSR until two days before the sentencing hearing. *Id.* at 7. In his second ground, he asserts that the PSR used two cases from a 1992 conviction for aggravated murder for career criminal enhancement. *Id.* In his third ground, movant asserts that under federal laws concerning career criminals, crimes must be after the 18th birthday of the defendant. *Id.* And, in his fourth ground, movant asserts that the "case used in [the PSR] were older then [sic] 10 & 15 year time frame." *Id.* at 8.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, movant says that if his counsel had showed him the PSR in a timely fashion, movant "would have seen the objections and could've asked him to object to these grounds stated in the motion." Doc. 1 at 7. Even assuming the allegation is true, movant fails to show any harm as a result. At sentencing, movant's counsel represented to the Court that he and movant had received and reviewed the PSR and addendum. CR Doc. 438 at 2. Counsel filed an objection to the career offender enhancement, CR Doc. 273, and renewed his argument at sentencing. CR Doc. 438. Movant had an opportunity to present to the Court whatever information he thought pertinent. *Id.* He chose to make a cursory two-sentence statement, purporting to acknowledge responsibility and apologize. *Id.* at 8. For the reasons that follow, movant could not have prevailed on the grounds he asserts in his motion. He cannot show, and has not shown, that he received ineffective assistance of counsel.

In support of his second ground, movant alleges that both aggravated murder convictions were imposed on the same day on the same docket and, thus, only one of them could have been used to enhance his sentence. Doc. 1 at 7. Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Misapplication of the sentencing guidelines, as alleged in this ground, are not cognizable in a § 2255 proceeding. *Id.* This ground could and should have been raised on direct appeal and cannot be raised now except on a showing of cause and prejudice. *Shaid*, 937 F.2d at 232. Movant has made no attempt to show either. Finally, movant could not have prevailed on this ground in any event. The record reflects that the prior sentences were properly taken into account because movant was arrested for the first offense prior to committing

the second offense. CR Doc. 216, ¶¶ 39, 41. The two murder offenses were separated by an intervening arrest; therefore, the sentences are counted separately. U.S.S.G. § 4A1.2(a)(2).

In support of his third ground, movant says that his prior murder convictions should not have been used to enhance his sentence because he committed the underlying offenses when he was 16 and 17 years old. Doc. 1 at 7. Again, this is a guidelines issue that is not cognizable here. *Williamson*, 183 F.3d at 462. Movant attempted to raise for the first time on appeal his contention that the conviction when he was 16 years old should not serve as a predicate offense for the purposes of U.S.S.G. § 4B1.1. *Qualls*, 788 F. App'x at 980–81. The appellate court noted that movant had been certified as an adult under Texas law and that there was no plain error in taking the offense into account in sentencing. *Id.* The decision constitutes law of the case. *Paul v. United States*, 734 F.2d 1064, 1066 (5th Cir. 1984). The second part of the argument, that the conviction at age 17 should not be counted should have been raised on appeal. Movant has not shown cause and prejudice for his failure to do so. In any event, the career offender provision only requires that the defendant be at least 18 years old at the time of the instant offense. It does not require that the two prior felony convictions have occurred after the defendant turned 18. U.S.S.G. § 4B1.1(a). In any event, the PSR reflects that both underlying convictions were adult criminal convictions. CR Doc. 216.

In support of his fourth ground, movant claims that his two murder convictions could not be used to enhance his sentence because they were "past the 15 years to go back on convictions," presumably referring to U.S.S.G. § 4A1.2(e). Doc. 1 at 8. This ground could and should have been raised on appeal and movant has made no attempt to show cause and prejudice for the failure to do so. *Shaid*, 937 F.2d at 232. Moreover, the claim asserts misapplication of the guidelines and

6

cannot be pursued here. *Williamson*, 183 F.3d at 462. Finally, as the government explains, the claim fails on its merits. Doc. 5 at 18–19. Movant's murder convictions resulted in sentences of 20 years' imprisonment. He was released from custody on both sentences at the end of August 2011, within 15 years of commencement of the offense of conviction here. CR Doc. 216, ¶¶ 39, 41.

Counsel cannot have been ineffective for failing to raise any of these meritless grounds. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd day of April, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE